IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:15-CV-139-FL

| | |
|---|---|
| CAROLYN BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Carolyn Boone ("plaintiff" or, in context, "claimant") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act") on the grounds that she is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. (D.E. 25, 27). The motions have been fully briefed.[1] The motions were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 17 Mar. 2015 Text Order). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

## I. BACKGROUND

### A. Case History

Plaintiff filed an application for SSI on 14 July 2010, alleging a disability onset date of 2 December 2004. Transcript of Proceedings ("Tr.") 112. The application was denied initially and upon reconsideration, and a request for a hearing was timely filed. Tr. 112. On 9 February

---

[1] Each party filed a memorandum in support of its motion. (D.E. 26, 28).

2012, a video hearing ("the 2012 hearing") was held before an administrative law judge ("ALJ"), at which plaintiff and a vocational expert testified. Tr. 38-62. The ALJ issued a decision denying plaintiff's claims on 9 March 2012. Tr. 112-20. Plaintiff timely requested review by the Appeals Council. Tr. 199-202. On 15 April 2013, the Appeals Council allowed the request and remanded the case with instructions that the ALJ further evaluate plaintiff's medically determinable mental impairments, evaluate a 9 May 2011 decision by the North Carolina Department of Health and Human Services ("NCDHHS") allowing plaintiff Medicaid disability benefits ("state Medicaid decision") (Tr. 324-26), and give further consideration to plaintiff's RFC, providing appropriate rationale for it with specific supporting references to evidence of record. Tr. 125-28.

On 5 December 2013, a second hearing ("the hearing") was held before a different ALJ than the one who presided at the 2012 hearing at which plaintiff and a vocational expert testified. Tr. 63-85. On 24 March 2014, the ALJ issued a decision again denying plaintiff's claim for SSI. Tr. 13-24. Plaintiff timely requested review by the Appeals Council. Tr. 7-9. On 25 June 2015, the Appeals Council denied the request for review. Tr. 1-6.

At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 416.1481. On 31 August 2015, plaintiff commenced this proceeding for judicial review of the ALJ's 24 March 2014 decision, pursuant to 42 U.S.C. § 1383(c)(3). (*See In Forma Pauperis* ("IFP") Mot. (D.E. 1); Order Allowing IFP Mot. (D.E. 2); Compl. (D.E. 3)).

**B.     Standards for Disability**

The Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

2

than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.*(a)(3)(B).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["Listings"] and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 416.920(a)(4)(i)-(v).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments must be considered throughout the disability determination process. *Id.*

### C. ALJ's Findings

Plaintiff was 42 years old on the date she filed her application for SSI and 45 years old on the date of the hearing. *See* Tr. 22 ¶ 6. The ALJ found that she has at least a high school education. Tr. 22 ¶ 7; *see also* 20 C.F.R. § 416.964(b)(4) ("High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above."); *cf.* Tr. 18 ¶ 4 (plaintiff "is a 45-year old female . . . with an eighth grade education"); Tr. 43-44 (plaintiff's testimony that she went as far in school as the eighth grade, but attended community college for "my" GED).[2] The ALJ further found that plaintiff had past relevant work as a driver, fire watcher, transporter, and child care provider. Tr. 22 ¶ 5.

Applying the five-step analysis of 20 C.F.R. § 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since the date of her application. Tr. 15 ¶ 1. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: post-laminectomy syndrome, lumbosacral spondylosis, and chronic back pain. Tr. 15 ¶ 2. At step three, the ALJ

---

[2] On remand, the Commissioner should resolve the apparent discrepancy between her findings that plaintiff has at least a high school education and that she has an eighth grade education.

found that plaintiff's impairments did not meet or medically equal any of the Listings. Tr. 17 ¶ 3.

The ALJ next determined that plaintiff had the RFC to perform a limited range of light work:[3]

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967 (b), which includes sitting, standing, and walking for 6 hours in an 8-hour workday and lifting, carrying, pushing and pulling 10 pounds frequently and 20 pounds occasionally except with the option to sit and stand, maintaining each posture for 60 minutes. The claimant could never climb scaffolds, and occasionally climb stairs and balance.

Tr. 18 ¶ 4.

Based on her determination of plaintiff's RFC, the ALJ found at step four that plaintiff was not capable of performing her past relevant work. Tr. 22 ¶ 5. At step five, the ALJ accepted the testimony of the vocational expert and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including jobs in the occupations of silver wrapper, routing clerk, and advertising material distributor. Tr. 22-23 ¶ 9. The ALJ accordingly concluded that plaintiff was not disabled from the date of her application, 14 July 2010. Tr. 23 ¶ 10.

### D. Standard of Review

Under 42 U.S.C. § 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial

---

[3] *See also Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "L-Light Work," 1991 WL 688702. "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. § 416.967.

5

Case 4:15-cv-00139-FL   Document 32   Filed 06/01/16   Page 5 of 13

evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld.  *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla of evidence, but somewhat less than a preponderance.  *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence.  *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979).  A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion.  *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence.  *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).  "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."  *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## II.    OVERVIEW OF PLAINTIFF'S CONTENTIONS

Plaintiff asserts that the ALJ's decision should be reversed and SSI benefits awarded or, alternatively, that the case should be remanded for a new hearing on the principal grounds that the ALJ erroneously evaluated the state Medicaid decision and erroneously evaluated a workers'

compensation settlement into which plaintiff entered on 30 March 2009 (Tr. 343-52) in determining plaintiff's credibility. Because the ALJ's handling of the workers' compensation settlement is dispositive of this appeal, the court will limit its analysis to that issue.

## III. ALJ'S EVALUATION OF WORKERS' COMPENSATION AGREEMENT

### A. Applicable Legal Principles

The ALJ's assessment of a claimant's credibility involves a two-step process. *Craig*, 76 F.3d at 593-96; 20 C.F.R. § 416.929(a)-(c); Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *1 n.1, 2 (2 July 1996). First, the ALJ must determine whether plaintiff's medically documented impairments could cause plaintiff's alleged symptoms. Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *2. Next, the ALJ must evaluate the extent to which the claimant's statements concerning the intensity, persistence, or functionally limiting effects of the symptoms are consistent with the objective medical evidence and the other evidence of record. *See id.*; *see also* 20 C.F.R. § 416.929(c)(3) (setting out factors in addition to objective medical evidence in evaluation of a claimant's pain and other symptoms).

> Such other evidence includes the claimant's own statements:
>
> The adjudicator must compare statements made by the individual in connection with his or her claim for disability benefits with statements he or she made under other circumstances, when such information is in the case record. . . . [including] statements the individual made in connection with claims for other types of disability benefits, such as workers' compensation . . . .

Soc. Sec. Ruling 96-7p, at *5.

If the ALJ does not find plaintiff's statements to be credible, the ALJ must cite "specific reasons" for that finding that are "supported by the evidence." Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *2, 4; *Jonson v. Colvin*, No. 12cvl742, 2013 WL 1314781, at *7 (W.D. Pa. 28 Mar. 2013) ("If an ALJ concludes the claimant's testimony is not credible, the specific basis for such a

7
Case 4:15-cv-00139-FL   Document 32   Filed 06/01/16   Page 7 of 13

conclusion must be indicated in his or her decision."); *Dean v. Barnhart*, 421 F. Supp. 2d 898, 906 (D.S.C. 2006).

      **B.**    **Analysis**

Here, the ALJ made the finding at the first step of the credibility assessment that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." Tr. 19 ¶ 4. At the second step of the assessment, the ALJ found that plaintiff's allegations were not fully credible. She stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Tr. 19 ¶ 4.

The ALJ provided specific reasons for her credibility determination, including her assessment of the workers' compensation agreement. The agreement arose out of an injury to plaintiff's lower back. *See* Tr. 343-45; *see also* Tr. 18 ¶ 4. As summarized by the ALJ, the basic terms of the agreement were as follows:

> The agreement stated that on December 2, 2004, the claimant had a disc herniation at L4-5, which was initially treated with pain management and then an artificial disk implantation on February 5, 2007. She reached maximum medical improvement on July 5, 2007 and with permanent light duty restrictions and [a] 15 percent partial disability rating. She was awarded a[]$75,000 settlement that was pro-rated at $28.24 over her life span after attorney fees for a net of $56,000.

Tr. 21 ¶ 4.

The agreement also contained a provision regarding future medical benefits:

> Whereas, it is not the intention of the instant settlement agreement to shift responsibility for future medical benefits to the federal government. Having considered Medicare's potential interest in future medical expenses, the parties have agreed no Medicare set aside amount is necessary by way of this claim. In determining no set aside is necessary, the parties considered various matters, including but not limited to the following: Plaintiff is not Medicare eligible and *there is no reasonable expectation that Plaintiff will be Medicare eligible within the next thirty (30) months*. It is noted that the future need for medical care and treatment is disputed in this case as previously noted in this agreement. It is

> further noted that this settlement agreement specifically forecloses the possibility of future payment of medical benefits incurred after the date of the settlement agreement;

Tr. 348 (emphasis added).

The ALJ deemed the emphasized provision inconsistent with plaintiff's claim of disability:

> There was no reasonable expectation that [the claimant] would be Medicare eligible within the next 30 months, which, in effect, concedes that she agreed she was not disabled under the Social Security Administration rules at that time (Exhibit 24E).

Tr. 21 ¶ 4. The ALJ does not elaborate on her reasoning for this finding.

As plaintiff contends, the ALJ's ostensible rationale is that Medicare eligibility for plaintiff requires satisfaction of the criteria for disability under the Regulations and that by agreeing she would not likely be Medicare-eligible, she was "conced[ing]" she was not then disabled. But plaintiff's agreement to the Medicare eligibility provision does not necessarily relate at all to whether or not she meets Social Security requirements. While entitlement to a period of disability and disability insurance under Title II of the Act ("DIB") establishes entitlement to Medicare benefits, *see* 42 U.S.C. § 426(b)(2)(A)(i),[4] entitlement to SSI does not. Plaintiff's agreement to the provision could reflect simply plaintiff's pursuit of SSI rather than DIB.

---

[4] The statute provides in relevant part:

> Every individual who—
> . . . .
> (2)(A) is entitled to, and has for 24 calendar months been entitled to, (i) disability insurance benefits under section 423 of this title . . .
> . . . .
> shall be entitled to hospital insurance benefits under part A of subchapter XVIII of this chapter . . . .

42 U.S.C. § 426(b)(2)(A)(i).

Indeed, the ALJ identifies three prior applications by plaintiff for disability-based Social Security benefits, but they were all for SSI. *See* Tr. 13. Plaintiff's instant application is, of course, for SSI. *See* Tr. 13 ("The issue is whether the claimant is disabled under section 1614(a)(3)(A) of the Social Security Act [42 U.S.C. § 1382c(a)(3)(A)]."); 24 ("Based on the application for supplemental security income protectively filed on July 14, 2010, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act."). The ALJ nowhere indicates whether she considered this benign interpretation of plaintiff's agreement to the Medicare eligibility provision and, if so, why she rejected it.

The Commissioner agrees that the ALJ was evaluating the Medicare eligibility provision from a DIB perspective and that she erred in doing so. "For the reasons set forth by Plaintiff, the Commissioner concedes that the ALJ's interpretation of the agreement was ill-founded." (Comm'r's Mem. 11).

The Commissioner argues, nonetheless, that the ALJ's error in discounting plaintiff's credibility, in part, on the basis of the provision in the workers' compensation agreement is harmless. She cites to the significant other evidence the ALJ discusses in support of her credibility assessment. While this discussion is admittedly extensive, the court cannot say that the ALJ's error was harmless.

One reason is that the ALJ did not indicate the weight she gave the inconsistency she found between the provision in the workers' compensation agreement and plaintiff's claim of disability. The decision fails to foreclose the possibility that the ALJ's error significantly tainted her view toward plaintiff's credibility and her evaluation of other evidence bearing on plaintiff's credibility.

10
Case 4:15-cv-00139-FL   Document 32   Filed 06/01/16   Page 10 of 13

Moreover, plaintiff's claim of disability relies substantially on her allegations of pain and other limitations resulting from her back impairment. "Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, any statements of the individual concerning his or her symptoms must be carefully considered if a fully favorable determination or decision cannot be made solely on the basis of objective medical evidence." Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *3. Thus, the credibility of plaintiff's statements about her pain and other symptoms and their functional effects are of particular importance to the propriety of her disability claim.

The court's concern that the ALJ may have given the concession she erroneously found substantial weight in her credibility analysis is heightened by the questionable judgment the ALJ exhibited in relying on it at all under the circumstances presented in the absence of any stated, plausible justification for doing so. The concession found arose from the purported interrelation of two complex statutory schemes—one governing Social Security disability benefits and the other Medicare benefits. Plaintiff was not, of course, well equipped to understand this purported interrelation. She is not a lawyer and does not have a college degree. As noted, the ALJ found at one point that she had only an eighth grade education. Tr. 18 ¶ 4. While plaintiff expressly represented in the workers' compensation agreement that she "has read and fully understands it" (Tr. 350 ¶ 11), the implicit concession the ALJ found arguably falls outside the scope of simply understanding the agreement. There does not appear to be any evidence showing that plaintiff's lawyer or anyone else explained to her any impact the provision in question could have on a claim by her for Social Security disability-based benefits. The ALJ herself does not appear to have properly understood the statutory interrelation on which she grounded her finding.

11

Moreover, the agreement itself states that "all parties agree that no rights, other than those arising under the provisions of the Workers' Compensation Act, are compromised or released by the execution of this agreement." Tr. 350 ¶ 8. The ALJ does not address this provision in her decision, including the extent to which, if any, it affects the propriety of using the Medicare eligibility provision against plaintiff in her disability case.

The court concludes that the ALJ committed prejudicial error in her evaluation of plaintiff's credibility. This case should accordingly be remanded for further administrative proceedings.

## V. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 25) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 27) for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

In making this ruling, the court expresses no opinion on the weight that should be accorded any piece of evidence. That is a matter for the Commissioner to decide.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 14 June 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of objections.

This 31st day of May 2016.

James E. Gates
United States Magistrate Judge